**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5190-16T1

ANTHONY J. GIRARD,

     Plaintiff-Appellant,

v.

EDWARD G. FOSTER, ESQ.,

     Defendant-Respondent.

_____

> Argued October 25, 2018 – Decided December 12, 2018
>
> Before Judges Simonelli and Whipple.
>
> On appeal from Superior Court of New Jersey, Law Division, Cape May County, Docket No. L-0056-11.
>
> Gary R. Matano argued the cause for appellant.
>
> Danielle M. Hughes argued the cause for respondent (Koster, Brady & Nagler, LLP, attorneys; Danielle M. Hughes, on the brief).

PER CURIAM

In this legal malpractice matter, plaintiff, Anthony J. Girard, appeals from a June 27, 2017, order granting defendant Edward G. Foster's motion for summary judgment. We affirm.

Defendant represented plaintiff in a 2006 lawsuit between and among the plaintiff and the other children of Rose M. Girard. The underlying dispute between plaintiff and his siblings involved a disagreement over the land owned by Rose and the attached marina with several boat slips for rent. Prior litigation over the same estate property ended in November 2, 2001, when plaintiff and his siblings signed a consent order that required the property, previously deeded from Rose to plaintiff, instead be titled to all four siblings as tenants in common. As part of the consent order, plaintiff represented to his siblings and the court he was unaware of any will executed by Rose. However, plaintiff later admitted he knew of and actively participated in the creation of a will for Rose, dated March 23, 2001.

Following Rose's death on January 16, 2004, plaintiff was appointed executor of her estate pursuant to the previously undisclosed will. The siblings filed an order to show cause and succeeded in having plaintiff removed as executor of the estate. Plaintiff maintained he managed the records and business

of the estate and provided services to the marina, for which he sought compensation.

In the estate administration litigation, the siblings maintained plaintiff did not keep sufficient records of his alleged services, plaintiff misused the property, misappropriated the marina rental income and property and caused the estate to become insolvent. The property was ultimately sold to a third party. The siblings asserted numerous claims, mostly for attorney's fees.

Plaintiff argued he was entitled to compensation for the services and expenses he rendered to the estate in maintaining the property and marina after his mother's death. Following a three-day bench trial and having reviewed all of the evidence, the probate judge ruled plaintiff was not entitled to compensation for services rendered to the property. He also determined the siblings were entitled to attorney's fees for plaintiff's failure to timely execute the deed and comply with the consent order and the siblings were entitled to three-fourths of the rental income generated from the boat slip on the property. The probate judge concluded the siblings were not entitled to collect the fair rental value of the property nor were they entitled to legal fees associated with the sale. It is noteworthy that the probate judge found plaintiff neither credible

nor reliable and that plaintiff was untruthful, specifically concerning his claims for compensation.

On January 24, 2011, plaintiff filed a pro se complaint alleging defendant committed malpractice in the estate action. Plaintiff asserted in his complaint defendant committed legal malpractice, among other things, by not engaging an independent accountant to perform a financial review or audit to determine the correct income and expenses of his mother's property. Plaintiff's complaint was dismissed twice, but ultimately reinstated and allowed to go forward.

Plaintiff retained a legal malpractice expert, Mark F. Heinze, and an economic expert, Dennis C. Meyerson, each of whom furnished a report. The court barred the Meyerson report because it was net opinion, and plaintiff did not appeal that ruling. See Townsend v. Pierre, 221 N.J. 36, 54 (2015). The Heinze report offered no opinion on damages but listed instances wherein he asserted defendant was unprepared for trial and should have proffered evidence of the valuation of plaintiff's services. The Heinze report does not address the court's finding plaintiff was an untruthful witness. Following a lengthy term of discovery marked by numerous delays, on March 15, 2017, defendant moved for summary judgment pursuant to Rule 4:46-2(c). Plaintiff opposed the motion. After hearing argument on the motion on April 13, 2017, the trial judge issued

4

an order with a written decision granting summary judgment to defendant on June 27, 2017. This appeal followed.

On appeal, plaintiff argues there are material issues of fact that should have precluded summary judgment and he has presented sufficient evidence of damages. We disagree.

At the heart of this case is plaintiff's general assertion defendant's negligence was the cause of an unfavorable outcome in the estate administration case.[1] The trial court concluded plaintiff's expert explained neither causation nor quantification of damages arising from malpractice. In short, plaintiff could not prove his case.

When reviewing a grant of summary judgment we use the same standard as the trial court. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016). A court should grant summary judgment, "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Ibid.

---

[1] We note plaintiff's outcome was not entirely unfavorable because the siblings were denied a share of the fair rental value of the property and legal fees associated with its sale. The probate judge also awarded plaintiff $8000 in reimbursed expenses.

A-5190-16T1

(citing R. 4:46-2(c)).  The evidence must be viewed in "the light most favorable to the non-moving party."  Mem'l Props., LLC v. Zurich Am. Ins. Co., 210 N.J. 512, 524 (2012).  "Rule 4:46-2(c)'s 'genuine issue [of] material fact' standard mandates that the opposing party do more than 'point[] to any fact in dispute' in order to defeat summary judgment."  Globe Motor Co., 225 N.J. at 479 (alteration in original) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529 (1995)).

Utilizing the Brill standard, the judge considered the undisputed facts and the various allegations as to defendant's substandard representation at trial and granted defendant's motion because plaintiff did not establish causation and a quantum of damages for his legal malpractice claims.

In order to succeed in a legal malpractice claim a plaintiff must show, "(1) the existence of an attorney-client relationship creating a duty of care by the defendant attorney, (2) the breach of that duty by the defendant, and (3) proximate causation of the damages claimed by the plaintiff."  McGrogan v. Till, 167 N.J. 414, 425 (2001).  Here it is unnecessary to consider the first two elements because defendant only disputed that plaintiff presented expert testimony sufficient to establish causation between a breach of care and quantifiable damages incurred.

After conducting a thorough review of the record, we reach the same conclusion as the motion judge, that plaintiff did not demonstrate the essential elements of proximate causation and quantifiable damages. Moreover, plaintiff did not show what injuries were suffered as a proximate consequence of the defendant's alleged breach of duty. 2175 Lemoine Ave. Corp. v. Finco, Inc., 272 N.J. Super. 478, 487-88 (App. Div. 1994).

A client asserting a legal malpractice claim must typically offer expert testimony. Stoeckel v. Twp. of Knowlton, 387 N.J. Super. 1, 14 (App. Div. 2006). However, expert testimony may not be necessary if there is an obvious causal link between the attorney's negligence and a client's loss. 2175 Lemoine Ave. Corp., 272 N.J. Super. at 490. There was no obvious causal link alleged here capable of proving actual loss, and plaintiff did not demonstrate he would have "prevailed, or would have won materially more . . . but for the alleged substandard performance." Lerner v. Laufer, 359 N.J. Super. 201, 221 (App. Div. 2003). Legal malpractice damages must be reasonably certain and a definite consequence of a breach. Grunwald v. Brokesh, 131 N.J. 483, 495 (1993).

Plaintiff's expert, Heinze, did not explain how the alleged malpractice and the omission of evidence of the value of plaintiff's services for the benefit of the

property was the cause of an unfavorable outcome in the estate administration matter. Moreover, plaintiff presented no evidence, expert or non-expert, to explain his specific damages and losses. Plaintiff did not set forth evidence of advances he made to the marina that were lost as a result of defendant's alleged malpractice. The probate judge actually awarded over $8000 in repayment for expenses he advanced to the marina, notwithstanding the probate judge's finding plaintiff was not truthful or credible. Plaintiff argued his proofs of damages would be presented at trial, however, the court correctly determined "[f]ailing to establish proofs at the time of summary judgment, which would demonstrate . . . a meritorious claim exists that necessitates trial, is fatal to [p]laintiff's claim." Plaintiff did not demonstrate he is entitled to additional compensation, moreover, he did not demonstrate he is entitled to additional compensation based upon something defendant did or did not do.

We have carefully reviewed plaintiff's remaining arguments and have determined they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5190-16T1